### Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Kerry** | **Lee** | **Rogers** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | **Samantha** | **Sue** | **Sears** | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: **Eastern** District of **Kentucky**
(State)

Case number
(if known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____
_____
_____

Local Form 3015-1(a)

# Chapter 13 Plan

12/23

## Part 1:   Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. In addition, you must timely file a proof of claim, or a proof of claim must be timely filed on your behalf, to be paid under any plan. See Section 3.7 of the plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| **1.1** | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| **1.2** | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☑ Included | ☐ Not included |
| **1.3** | Nonstandard provisions, set out in Part 8 | ☐ Included | ☑ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

__$1,154.00__ per __month__ for __60__ months.

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee** will be made from future income in a manner acceptable to the trustee or as ordered by the court. See KYEB-LBR 3070-1(a).

**2.3 Income tax refunds** will be retained by the debtor(s) except as otherwise set forth in a nonstandard provision, a separate plan amendment, or as ordered by the court.

**2.4 Additional payments**, if any, will be made to the trustee as set forth in a nonstandard provision, a separate plan amendment, or as ordered by the court.

**2.5 The total amount of payments to the trustee is estimated to be $ __69,240.00__ .**

## Part 3: Treatment of Secured Claims

*Each holder of an allowed secured claim, which is paid in full during the life of the plan and for which the collateral is not surrendered, shall retain the lien securing the claim until the earlier of: (1) payment of the underlying debt as determined under non-bankruptcy law; or (2) discharge. Should this case be dismissed or converted before the plan is completed, the lien securing an allowed secured claim shall be retained by the holder to the extent recognized by non-bankruptcy law. If relief from the automatic stay is ordered as to any item of collateral listed below, then, unless otherwise ordered by the court, all payments under this plan as to that collateral will cease, all secured claims based on that collateral will no longer be treated by the plan, and the Trustee is authorized to cease all payments to the secured creditor.*

**3.1 Maintenance of payments and cure of default, if any.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. Unless a nonstandard provision expressly provides otherwise, an allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary rate stated above.

**3.3 Secured claims excluded from 11 U.S.C. § 506 or paid in full secured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below either:

1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or

3) are fully secured claims to be paid in full.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim controls over any contrary amount listed below.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate* | Estimated monthly payment to creditor | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Exeter Finance LLC | 2021 Chevrolet Trax | $21,188.00 | 10.50% | Pro-Rata | $24,249.05 |

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. Unless a nonstandard provision expressly provides otherwise, an allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary rate stated above.

**3.4 Lien avoidance.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the "Included" box is checked in § 1.2.*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor**<br>Lendmark<br><br>**Collateral**<br>Consumer goods<br><br>**Lien identification** (such as judgment date, date of lien recording, book and page number) | a. Amount of lien | $12,250.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $8,979.00 | |
| | c. Value of claimed exemptions | +$150.00 | **Interest rate** (if applicable) |
| | d. Total of adding lines a, b, and c | $21,379.00 | **Estimated monthly payment on secured claim** |
| | e. Value of debtor(s)' interest in property | -$150.00 | |
| | f. Subtract line e from line d. | $21,229.00 | **Estimated total payments on secured claim** |
| | Extent of exemption impairment *(Check applicable box)*:<br><br>☑ **Line f is equal to or greater than line a.**<br>The entire lien is avoided. *(Do not complete the next column.)*<br><br>☐ **Line f is less than line a.**<br>A portion of the lien is avoided. *(Complete the next column.)* | | |

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** <br> Heights Finance Holding <br><br> **Collateral** <br> Consumer goods <br><br> **Lien identification** (such as judgment date, date of lien recording, book and page number) | a. Amount of lien | $8,979.00 | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $12,250.00 | |
| | c. Value of claimed exemptions | + $150.00 | **Interest rate** (if applicable) |
| | d. Total of adding lines a, b, and c | $21,379.00 | **Estimated monthly payment on secured claim** |
| | e. Value of debtor(s)' interest in property | - $150.00 | |
| | f. Subtract line e from line d. | $21,229.00 | **Estimated total payments on secured claim** |
| | Extent of exemption impairment *(Check applicable box)*: <br><br> ☑ **Line f is equal to or greater than line a.** <br> The entire lien is avoided. *(Do not complete the next column.)* <br><br> ☐ **Line f is less than line a.** <br> A portion of the lien is avoided. *(Complete the next column.)* | | |

**3.5  Surrender of collateral.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| General Electric CU | 2021 Chevrolet Silverado |
| PHH Mortgage | 119 Murrell Ave Somerset, KY 42503 |
| Freedom Road Financial | 2020 Honda Talon |

**3.6  All Other Secured Claims.**

An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

**3.7  Allowance of Secured Claims.**

1) Any creditor with a secured claim listed in the plan must have an allowed claim to be paid under the plan.

2) To have an allowed claim, a secured creditor must file a proof of claim in accordance with Bankruptcy Rule 3002, except as set out in paragraph 4 below.

3) If the plan lists a claim as a secured claim and the creditor files a proof of claim under Bankruptcy Rule 3002 as unsecured, the claim will be treated as unsecured, and the filing of such a claim **will be treated as a waiver of the security interest by the creditor.**

4) If a creditor with a listed secured claim fails to file a proof of claim before the deadline under Bankruptcy Rule 3002(c), the debtor(s) may file a proof of claim on behalf of the creditor pursuant to Bankruptcy Rule 3004, subject to the following:

   a) If the debtor(s) chooses to file a proof of claim on behalf of a creditor, the debtor(s) and counsel shall use their best efforts to file such claim(s) before the deadline under Bankruptcy Rule 3004.

   b) A proof of claim filed by the debtor(s) under Bankruptcy Rule 3004 will nevertheless be timely as to any secured portion of the claim if it is filed no later than 14 days after the trustee files a Notice of Allowance of Claims.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.** Allowed priority claims will be paid in full without postpetition interest except as otherwise provided in a nonstandard provision or as ordered by the court.

**4.2 Trustee's fees.** Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __9.50__ % of plan payments, and during the plan term they are estimated to total $ __6,577.80__ .

**4.3 Attorney's fees**

1) Counsel for the debtor requests compensation as follows:

   a) ☑ Pursuant to KYEB LBR 2016-2(a) an attorney's fee for counsel for the debtor(s) shall be allowed in the amount of $ __4,000.00__ (not to exceed $4,000). Of this amount, the debtor(s) paid $ __0.00__ prior to the filing of the petition, leaving a balance of $ __4,000.00__ to be paid through the plan. (The debtor(s)/attorney for debtor(s) has complied with KYEB LBR 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)). Any additional requests for fees or expenses will be requested by separate application.

   OR

   b) ☐ An attorney's fee for counsel for the debtor(s) will be requested by separate application and shall be paid as allowed by the court.

2) Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments ordered by the court.

**4.4 Priority claims other than attorney's fees and trustee's fees** are estimated to be $ _____ .

**4.5 Domestic support obligations** will be paid in full; however, any claim based on a domestic support obligation that has been assigned to or is owed to a governmental unit may be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4) as provided in a nonstandard provision or as ordered by the court.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

The minimum amount required for distribution to allowed priority and nonpriority unsecured claims shall be the greater of: (1) the projected disposable income for the applicable commitment period; or (2) the amount required to satisfy the liquidation test.

The trustee shall calculate the "pool" amount available for distribution to nonpriority unsecured creditors. Creditors holding allowed nonpriority unsecured claims shall be paid on a pro rata basis to the greatest extent possible. No interest accruing after the date of the filing of the petition shall be paid except as set forth in a nonstandard provision or as ordered by the court.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:   Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:   Vesting of Property of the Estate

**7.1  Except as provided in Part 8, property of the estate in the possession of the debtor(s) and properly scheduled will vest in the debtor(s) upon**   *Check the applicable box:*

☑ plan confirmation.

❑ entry of discharge.

❑ other: _____.

**7.2  Unless otherwise ordered, the trustee retains all lien avoidance rights provided by statute.**

### Part 8:   Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

# Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below.*

**X**  **/s/ Kerry Lee Rogers**  
Kerry Lee Rogers  
Signature of Debtor 1

Executed on **08/28/2024**  
MM / DD / YYYY

**X**  **/s/ Samantha Sue Sears**  
Samantha Sue Sears  
Signature of Debtor 2

Executed on **08/28/2024**  
MM / DD / YYYY

**X**  **/s/ Jesse Peace**  
Jesse Peace  
Signature and Address of Attorney for Debtor(s)  
Bar Number: 96139  
Peace Law, PLLC  
718 18th St  
Corbin, KY 40701  
Phone: (606) 521-5500  
Email: jesse@peacelawky.com

Date **08/28/2024**  
MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**